UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ALEXANDER,<br><br>          Plaintiff,<br><br>v.<br><br>BIG TIME US, LLC; INSPERITY PEO SERVICES, LP; BIG TIME STUDIOS, LTD; THOR ALEXANDER; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 2:24-cv-04429 HDV MARx<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 16]** |

1

## I. INTRODUCTION

Plaintiff Brian Alexander brings this employment discrimination action against Defendants Big Time US, LLC ("BTU"), Insperity PEO Services, LP ("Insperity"), Big Time Studios, LTD ("BTS"), and Thor Alexander (collectively, "Defendants"). Before the Court is Plaintiff's Motion for Remand ("Motion"), which argues that Defendants' removal was untimely. [Dkt. No. 16]. The Motion also seeks remand on the basis that Defendants have not established complete diversity because BTU is a California citizen.

The Motion is denied. The Court finds that Defendants' removal was timely and that BTU is *not* a citizen of California. The Court therefore concludes that removal was proper.

## II. RELEVANT BACKGROUND

In a complaint filed in Los Angeles Superior Court on December 6, 2023, Plaintiff asserts ten claims related to his employment for Defendants from December 2020 to December 2021.[1] Complaint [Dkt. No. 1-1]. Plaintiff served BTU and Insperity on February 8, 2024 and February 21, 2024, respectively. Declaration of Drew M. Tate ¶ 3 [Dkt. No. 5]. He served BTS and Defendant Alexander on April 25, 2024. *Id.* ¶ 5. On May 28, 2024, Defendants removed the action. [Dkt. No. 1].

Plaintiff filed his Motion for Remand on June 28, 2024, and Defendants opposed it. [Dkt. Nos. 16, 19, 20]. The Court heard oral argument on August 15, 2024, and took the matter under submission. [Dkt. No. 22].

## III. LEGAL STANDARD

Federal courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal jurisdiction under Section 1332 requires *complete* diversity, *i.e.*, that each plaintiff is diverse from each defendant.

---

[1] Plaintiff asserts the following ten claims: (1) whistleblower retaliation; (2) employment discrimination, in violation of the California Fair Employment and Housing Act ("FEHA"); (3) failure to accommodate, in violation of FEHA; (4) failure to engage in a timely and good faith interactive process, in violation of FEHA; (5) harassment, in violation of FEHA; (6) retaliation, in violation of FEHA; (7) failure to prevent/remedy discrimination, harassment, and/or retaliation, in violation of FEHA; (8) wrongful discharge in violation of public policy; (9) intentional infliction of emotional distress; and (10) defamation. Complaint.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  A defendant may remove a case from state court to federal court within thirty days after service.  28 U.S.C. §§ 1441, 1446.  The removal statute is strictly construed against removal jurisdiction, and there is a "strong presumption" against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  The party seeking removal bears the burden of establishing federal jurisdiction.  *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  If the court lacks subject-matter jurisdiction or there exists any defect in the removal procedure, a federal court may remand the case to state court.  *See* 28 U.S.C. § 1447(c).

## IV. DISCUSSION

### A. Timeliness of Removal

Plaintiff argues Defendants' removal was untimely because it was filed more than ninety days after they received effective notice of the action.  Motion at 1–3.  This argument rests on the theory that although Defendants BTS and Alexander were served on April 25, 2024, they received actual (or, at the very least, constructive) notice of the lawsuit in February 2024—when BTU and Insperity were served—since all Defendants are represented by the same counsel.  In essence, Plaintiff asks the Court to consider all Defendants served at the same, earlier time.

Plaintiff's argument contravenes decades of black letter law.  Under the well-established "later served defendant" rule, when defendants are served at different times, "each defendant is entitled to thirty days to exercise his removal rights after being served."  *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).  Applying this principle, Defendants BTS and Alexander had thirty days after service on April 25, 2024 to remove the case—and they did.  There is no they-had-the-same-lawyer exception.  Were it otherwise, rather than a bright line rule, every removal would be subject to fact-intensive inquiries about constructive or actual notice.

Plaintiff's citation to the out-of-circuit decision in *Cook v. Travelers Companies*, 904 F. Supp. 841, 842 (N.D. Ill. 1995), is unpersuasive.  In *Cook*, a case involving only a single defendant, the district court found that receipt by defendant's in-house counsel was enough to start the removal

clock. Nothing in that decision compels this Court to deviate from the bedrock rule giving later served defendants thirty days to remove.[2]

The Court finds that Defendants' May 28, 2024 Notice of Removal was timely.

**B.     BTU's Citizenship**

Plaintiff further argues that Defendants fail to establish diversity jurisdiction because BTU is a California citizen. Motion at 4. A corporation is a citizen of "any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). A corporation's "principal place of business" refers to the place where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This is commonly known as the "nerve center." *Id.* at 92–93. "[I]n practice it should normally be the place where the corporation maintains its headquarters." *Id.*

To support his contention that BTU is a California citizen, Plaintiff points to BTU's 2021 and 2023 Statements of Information filed with the California Secretary of State, which both list a mailing address in Walnut, California. Declaration of Peter Javanmardi ¶ 11, Ex. 3 [Dkt. No. 16-2]. Defendants respond with evidence that BTU was organized in Delaware, its principal place of business is Delaware, and its legal address is in Delaware. Declaration of Ariel Meilich ¶¶ 3–4 [Dkt. No. 7]. BTU consists of a single member, BTS, which is incorporated in the Cayman Islands and whose sole director makes corporate decisions from Uruguay. *Id.* ¶¶ 6, 8–9. In addition, BTU "does not direct, control, or coordinate its activities from a principal place of business in the State of California." *Id.* ¶ 5. The same is true for BTS. *Id.* ¶ 12.

Defendant's evidence also establishes that BTU's address in Walnut, California, was not an office location for the company. Declaration of Ariel Meilich ¶ 6 [Dkt. No. 19-1]. Instead, it was used as a forwarding address to redirect mail and packages to the BTS Director's address in Uruguay. *Id.* ¶ 5. Thus, under the "nerve center" test, Plaintiff's reliance on the Secretary of State filing is woefully insufficient to establish BTU's citizenship in California.

---

[2] Moreover, the Court also rejects Plaintiff's argument that Defendants all had notice at the same time simply because they are represented by counsel. At oral argument, Defendants' counsel represented that when BTU and Insperity were served in February 2024, it was not certain that his firm would also be representing BTS and Alexander in this action.

### V. CONCLUSION

The Court finds that diversity jurisdiction exists and removal to this Court was timely and proper. Plaintiff's Motion to Remand is denied.

Dated: September 3, 2024

_____
Hernán D. Vera
United States District Judge